IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHANE PROFITT,

    Defendant.

Case No. 3:06-cr-136-1

DISTRICT JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT'S *PRO SE* MOTION FOR A RETROACTIVE ORDER/JUDGMENT FOR FEDERAL SENTENCE TO RUN CONCURRENTLY WITH STATE SENTENCES (DOC. #121) AND OVERRULING IN PART AND SUSTAINING IN PART DEFENDANT'S MOTION REQUESTING AMENDMENT OF SENTENCE OR RECOMMENDATION FOR A CONCURRENT SENTENCE (DOC. #118); RECOMMENDING CONCURRENT SENTENCES WITH NOW DISCHARGED STATE SENTENCES; REQUEST TO BUREAU OF PRISONS

---

Pending before the Court are two motions filed by Defendant Shane Profitt ("Defendant" or "Profitt") concerning the federal sentence he is now serving. As explained below, the Court does not have the authority to alter or amend Defendant's sentence. The Court must, therefore, OVERRULE his motions (Doc. #118 and Doc. #121) to the extent that they ask the Court to retroactively designate his federal sentence as concurrent with his state sentences. However, the Court will SUSTAIN Defendant's motion (Doc. #118) to the extent that it

1

requests that the Court make a recommendation to the Bureau of Prisons regarding a retroactive designation of the concurrent or consecutive status of his sentence.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 8, 2007, Defendant Shane Profitt pled guilty in this Court to the charge of Conspiracy to Possess with Intent to Distribute two controlled substances, cocaine in excess of five kilograms and Methylenedioxymethamphetamine ("MDMA" or "Ecstasy") under 21 U.S.C. § 846. At the time of his plea, Profitt was being held by the Montgomery County Jail for violating the terms of probation imposed by the Montgomery County Court of Common Pleas for the state law offense of felonious assault. Doc. #121-2 at 1-2. He had originally been given a three year suspended sentence and five years of probation for the felonious assault conviction, but had not yet received a sentence for the probation violation on that charge when he appeared in this Court to plead guilty to the federal drug charge. Doc. #111 at 22 (sentencing transcript); Doc. #121-2 at 20-21 (probation sentencing entry). The Court advised Profitt that, as a result of his plea on the federal charge, his state court probation might be revoked and he might have to serve a state sentence consecutive to the federal sentence. Doc. #111 at 22. The Court also advised Profitt that it had no control over whatever course of action the state court would eventually take. *Id.* at 22-23.

On June 4, 2007, the Court sentenced Profitt to one hundred and twenty months imprisonment for the federal drug offense. Doc. #80. At the sentencing,

2

Profitt's attorney stated that he was also facing a charge for drug trafficking in Hamilton County. Doc. #112 at 5. Profitt had, in fact, previously entered a plea of guilty for the state drug trafficking offense, but he had not yet been sentenced by the Hamilton County Court. Presentence Investigation Report ("PSI") at 15. At the federal sentencing, this Court did not specify whether or not Profitt's federal sentence was to run consecutively or concurrently with any state sentences that had not-yet been imposed. Doc. #112. After sentencing, Profitt was returned to state custody. Doc. #121-2 at 2.

On June 7, 2007, the Montgomery Count Court of Common Pleas imposed the previously suspended three year sentence for felonious assault on Profitt, and a one year sentence for attempt to commit felonious assault, to be served concurrently. *Id.* at 18, 22. The state court also ordered the sentences to be served concurrently with the Court's just-imposed federal sentence, and concurrently with any sentence to be imposed by the Hamilton County Court of Common Pleas for the drug trafficking offenses. *Id.*

On August 23, 2007, Profitt was sentenced in the Hamilton County Court of Common Pleas for the state drug trafficking offenses to a four year prison term, to be served concurrently with any pending sentences. Doc. #121-2 at 24.

At some time prior to December 11, 2009, Profitt requested that the Federal Bureau of Prisons ("BOP") retroactively designate his federal sentence as concurrent with his state sentences. Doc. #121-2 at 33. The BOP sent the Court

3

a *Barden* letter[1] on December 11, 2009, in order to give the Court "an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in our determination to grant or deny the request." *Id.* at 34. The Court did not respond to the BOP's *Barden* letter.

On February 16, 2010, the BOP decided to deny Profitt's request for retroactive concurrent designation. Doc. #121-2 at 35. In making this determination, the BOP balanced Profitt's request against three factors: the nature of the federal offense, Profitt's state drug trafficking offense, and the absence of a statement from the Court (during sentencing or in response to the *Barden* letter), regarding the concurrent vs. consecutive nature of the federal sentence. *Id.*

On March 3, 2010, the Hamilton County Court of Common Pleas judge modified the four year sentence it had originally given Profitt for the state court drug offenses to a "total aggregate sentence" of 2½ years. Doc. #121-1. The judgment entry provided the following explanation for reducing Profitt's sentence:

> It should be noted that that it was the intention of this court to run [its] sentence . . . concurrently with the ten (10) year sentence imposed by the United States District Court for the Southern District of Ohio at Dayton in Case No 3:06-[cr]-136. The basis for modifying the defendant's sentence in the present case was the result of this court learning that the defendant had not been receiving credit for time served in [state prison].

---

[1] *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990), held that the BOP has the authority to designate a state prison *nunc pro tunc* as a place of federal confinement for the purpose of determining whether a prisoner is entitled to credit against his federal sentence, even though the federal sentencing court did not order the sentences to be served concurrently, where the federal sentence was imposed before the state sentence and the state judge clearly intended that the sentences be served concurrently.

4

Doc. #121-2 at 4.

Because Profitt eventually served 1,255 days in state custody, the state court's reduction of the sentence to only 910 days gave Profitt a credit of 345 days, which the BOP later applied to his federal sentence.[2] *Id.* at 2.

On February 25, 2010, Profitt's state sentence was completed, and he was placed in federal custody in order to begin serving his federal sentence. *Id.* at 10.

On March 9, 2010, the BOP sent Profitt a letter informing him of its decision to deny his request to have his entire time in state custody credited toward his federal sentence through a *nunc pro tunc* retroactive concurrent designation of the sentences. *Id.* at 31.

Taking into account the time credited from the state court's sentence reduction and good conduct time, the BOP calculates that Profitt's release date will

---

[2] When the Hamilton County Court of Common Pleas resentenced Profitt and reduced his sentence for the drug trafficking offense to two and a half years, it did not mention the three year sentence imposed by the Montgomery County Court of Common Pleas for the felonious assault conviction. *See* Doc. #118-1 (resentencing transcript). There is also no mention of Profitt's three year sentence for felonious assault in the affidavit of Alan Ray, the Bureau of Prisons' Management Analyst, or the BOP's sentence computation worksheet provided to the Court. Doc. #121-2 at 1-2, 26-30. It is, therefore, unclear that the reduction of Profitt's drug trafficking sentence to 910 days should have had the effect of creating a 345 day credit for the 1,255 days in state custody, because Profitt was presumably expected to serve the three year sentence for felonious assault in its entirety. The parties have not raised the issue, but the Court nevertheless feels compelled to bring the aforementioned discrepancy to their attention.

be June 1, 2017.[3] Doc. #121-2 at 2. However, if the BOP had granted the *nunc pro tunc* concurrent designation, Profitt's release date would further reduce Profitt's sentence by 910 days, the entire duration of the state sentences he actually served, and Profitt would be eligible for release on or about December 4, 2014.

Through counsel, Profitt filed a Motion Requesting Amendment of Sentence or Recommendation for a Concurrent Sentence in this Court on March 15, 2011. Doc. #118.

On October 24, 2013, Profitt filed, *pro se*, a Petition for a Writ of Habeas Corpus in the United States District Court for the Northern District of West Virginia, alleging that the BOP unlawfully denied him credit for the time he had served in state prison. Case #5:13-cv-147-FPS-JSK, Doc. #1. The Respondent/Warden filed a Motion to Dismiss or for Summary Judgment on November 21, 2013. Thereafter, Profitt also filed *pro se* a motion in this Court, indicating that he had filed a habeas petition, and again requested that this Court amend or retroactively designate his federal sentence as concurrent to the state sentences. Doc. #121. The district court considering Profitt's habeas petition has not yet ruled on its merits.

---

[3] Profitt's projected statutory release date, without good conduct time, would be November 23, 2017. Doc. #121-2 at 3 (Affidavit of Alan Ray, BOP Management Analyst) and at 27 (November 20, 2013, BOP Sentencing Computation).

6

## II. MODIFICATION, AMENDMENT, OR REIMPOSITION OF DEFENDANT'S SENTENCE

In his *pro se* motion (Doc. #121) and the motion he filed with the assistance of counsel (Doc. #118), Defendant moves the Court to amend his federal sentence retroactively, or to resentence him, so that it runs concurrently with the sentences imposed by the Ohio state courts. However, Defendant does not identify any legal basis, statutory or otherwise, that would permit the Court to amend the sentence or resentence him. Under 18 U.S.C. § 3582(c), a federal district court has no power to "modify a term of imprisonment once it has been imposed" in the absence of one of the narrow exceptions set forth in the statute. For example, if the Director of the BOP moves the sentencing court to reconsider its original sentence *and* "extraordinary and compelling reasons" exist, then, in light of those reasons, the court may then resentence the defendant. 18 U.S.C. § 3582(c)(1)(A)(i). Under another exception, a defendant of advanced age serving a lifetime sentence may qualify for an alteration or reduction of his sentence. *Id.* § 3582(c)(1)(A)(i). Yet another exception allows the court to resentence a defendant if, after sentencing, the sentencing range for the offense is lowered by the Sentencing Commission. *Id.* § 3582(c)(2). Otherwise, the sentencing court's power to "modify an imposed term of imprisonment" must be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.* § 3582(c)(1)(B).

Here, the BOP has not moved the Court to modify Defendant's sentence because of "extraordinary or compelling reasons." Defendant was born in 1975, and is not serving a life sentence; thus, the exception for prisoners of an advanced age does not apply. Furthermore, the Court sentenced Defendant to the statutory minimum of one hundred and twenty months, as set forth in 21 U.S.C. § 841(b), for the offense conduct to which he pled guilty. Thus, even if the Sentencing Commission had subsequently lowered the sentencing range for the offense, the Section 3582(c)(2) exception would not apply because "no matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum." *Dorsey v. United States*, 132 S. Ct 2321, 2327 (2012). Finally, the Government has not moved the Court for a reduction in Defendant's sentence under Rule 35(b)(2) of the Federal Rules of Criminal Procedure, which, in limited circumstances not herein relevant, allows a reduction based on substantial assistance more than one year after sentencing. "A district court may modify a defendant's sentence only as provided by statute," but Defendant has not identified any statutory authority that allows this Court to revisit the sentence it imposed on him. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009).

Instead, Profitt cites to *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990), stating that in that case:

> The Third Circuit found that [the] BOP's authority under 18 U.S.C. § 3621(b) to determine the penal institution where [a] prisoner would serve his federal sentence, include[s] not only the discretion to

8

> designate the state prison as a facility for service of the prisoner's federal sentence, but to do so retroactively to the date the prisoner's sentence was imposed. This is what Profitt asks of this Honorable Court.

Doc. #121 at 3.

Although Profitt accurately states *Barden*'s holding, the discretion that it describes belongs only to the BOP, not this Court. The *Barden* court explicitly recognized that "the federal sentencing court [] lacks the power to order concurrency" after the imposition of its original sentence and the later imposition of a state court sentence. 921 F.2d at 483. "Only the Attorney General or the Bureau, as his delegate, has this power." *Id.* The BOP exercises such power through a *nunc pro tunc* designation of the state prison as "the place of the prisoner's [federal] imprisonment" for the duration of the state sentence, which has the effect of making the two sentences run concurrently. *Id.*; 18 U.S.C. § 3621(b). However, under 18 U.S.C. § 3621(b), and as its construction in *Barden* makes clear, only the BOP has the power to make that designation after the federal court has imposed sentence.

The BOP denied Profitt's request for a *nunc pro tunc* designation, and Profitt has challenged that denial by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in U.S. District Court for the Northern District of West Virginia. A petition brought under 28 U.S.C. § 2241 is the proper vehicle for challenging the BOP's administration of a sentence after exhausting administrative remedies. *See Barden*, 921 F.2d at 478-79; *McClain v. Bureau of Prisons*, 9 F.3d 503 (6th Cir.

9

1993) (recognizing that a district court may grant habeas relief under 28 U.S.C. § 2241 for a sentence incorrectly computed by the BOP); *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) (observing that "[r]equests for sentence credit, or for recalculation of time yet to serve" are properly brought under 28 U.S.C. § 2241). Thus, Profitt must recognize that the power to grant the remedy he seeks lies only with the court where his habeas petition is pending. In short, this Court has no jurisdiction to modify, alter, or amend Profitt's sentence, or to resentence him. To the extent Profitt's motions seek such a remedy from this Court, they are accordingly overruled.

### III. THE COURT STRONGLY RECOMMENDS THAT DEFENDANT'S SENTENCE BE RETROACTIVELY DESIGNATED AS CONCURRENT

Defendant has also requested that the Court "issue a recommendation" to the BOP that the Defendant's federal sentence run concurrently, or that Defendant "be given credit" for the time he spent in state prison before entering federal prison. Doc. #118 at 9. The BOP determined that Profitt was not entitled to retroactive concurrent designation of his federal sentence based on several factors, one of which was the Court's silence on the issue at sentencing and in response to the BOP's *Barden* letter.

18 U.S.C. § 3584 governs the imposition of multiple sentences of imprisonment. Subsection (a) of the statute states that:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant

10

> who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

The Supreme Court most recently interpreted this statutory provision in *Setser v. United States*, 132 S. Ct. 1463 (2012). The holding of *Setser* unequivocally states that a district court has the discretion at sentencing to order that a federal sentence run consecutively or concurrently to an as-yet-unimposed state sentence, and that such discretion is not limited by 18 U.S.C. § 3584(a). The Supreme Court reasoned that because such a situation is *not* specifically addressed by the statute, it does not limit the court's discretion.

The *Setser* holding abrogates the Sixth Circuit's previous construction of 18 U.S.C. § 3584(a), as set forth in *United States v. Quintero*, 157 F.3d 1038 (6th Cir. 1998). In *Quintero*, the Sixth Circuit held that the statute does *not* authorize a district court to order a federal sentence to be served consecutively to an as-yet-unimposed state sentence. The *Quintero* court required an express grant of authority to designate concurrency with an as-yet-unimposed state sentence. It found no basis for such authority in the statute, because it expressly provided discretion to impose either a concurrently or consecutively sentence *only if* the

11

defendant "is *already subject to* an undischarged" sentence, not an as-yet-unimposed sentence. *Id.* at 1040.

The difference in the statutory interpretations in *Quintero* and *Setser* arises from the fact that each court recognized a different source of authority for a district court's discretion to grant concurrent vs. consecutive sentences. *Quintero* searched for authorization to impose a concurrent sentence on a defendant facing a state court sentence in the language of the statute, and found no such authorization. *Setser*, on the other hand, recognized that the statute "is not framed as a conferral of authority but as a limitation of authority that already exists," namely, a court's wide discretion in matters of sentencing. 132 S. Ct. at 1469. Thus, because the situation is not described in the statute, *Setser* holds that a federal district court's discretion to order a federal sentence to run concurrently or consecutively to an as-yet-unimposed state sentence is not restricted by 18 U.S.C. § 3584(a).

When the Court sentenced Profitt on June 4, 2007, the *Quintero* holding was the controlling interpretation of 18 U.S.C. § 3584(a) in the Sixth Circuit. *E.g.*, *United States v. Sutton*, 433 Fed. App'x 364, No. 09-2506, 2011 WL 2847459 (6th Cir. July 18, 2011) (applying *Quintero* four years after Profitt's sentencing). Thus, it is logical that the record is silent as to whether the Court intended for Profitt's federal sentence to run concurrently or consecutively to his as-yet-unimposed state sentences; under *Quintero*, the Court did not have the authority to make such an order at the time of sentencing. In fact, the Court expressly

12

stated to Profitt that it had no sway over a state court's future decision to impose a sentence that would run concurrently or consecutively to his federal sentence. Doc. #111 at 23 (stating that "the state court's going to do what it's going to do and I can't tell them what to do").

The Sixth Circuit has applied *Setser* in several cases, but has confined itself to applying its holding and interpretation of 18 U.S.C. § 3584(a) without an examination of the continued viability of *Quintero*. *See United States v. Moore*, 512 Fed. App'x 590, 2013 WL 331574 (6th Cir. Jan 30, 2013); *United States v. Stoutermire*, 516 Fed. App'x 583, No. 12-3524, 2013 WL 821199 (6th Cir. Mar. 5, 2013) (applying *Setser* and recognizing discretionary authority of district court to impose federal sentence concurrently to as-yet-unimposed state sentence); *United States v. Zorn*, --- Fed. App'x. ----, No. 13-1288, 2013 WL 5992216 (6th Cir. Nov. 13, 2013) (merely noting Supreme Court's order vacating and remanding previous appeal in light of *Setser*); *U.S. v. Zorn*, 487 Fed. App'x. 289, (6th Cir. Nov.7, 2012) (vacating district court decision per instructions of the Supreme Court and noting that *Setser* did not apply to other issues defendant appealed). Furthermore, the Sixth Circuit has not spoken as to whether or not *Setser* is a rule of criminal law that might be applied retroactively under *Teague v. Lane*, 489 U.S. 288 (1989). The issue is not properly before the Court, as Profitt's motion does not ask for the retroactive application of *Setser* under *Teague*. The Court, however, notes that the few courts that have analyzed *Setser* under the *Teague* retroactivity requirements have convincingly concluded that

13

*Setser* does not apply retroactively. *See Smith v. United States*, No. AW-13-796, 2013 WL 4605406 (D. Md. Aug. 28, 2013); *United States v. Hopkins*, No. 1:06-CR-0064, 2013 WL 2147793 (M.D. Pa. May 16, 2013).

Thus, this Court has no power to provide a remedy for Profitt. The most the Court can do is reconsider the relevant facts from Profitt's sentencing in light of the Presentence Report, the minimum mandatory sentence of 120 months (which it imposed), and the statement of facts agreed to by and between the Government and admitted by the Defendant as true while under oath at the time of the taking of the plea, as well as the Section 3553(a) factors, in accordance with 18 U.S.C. § 3584(b)'s requirement to consider said factors, and offer a non-binding opinion as to whether the foregoing would have merited a concurrent designation of the sentence.

While it is somewhat difficult to determine now, almost seven years later and based upon law that was entirely different than that which applied at the long-ago sentencing, this Court, based upon its review of the above-mentioned documents, concludes that, had it been given the legal opportunity to do so, its sentence of 120 months would have been ordered to run concurrently to the not-yet-imposed state sentences. The reasons for said conclusion and the <u>strong</u> recommendation to the Bureau of Prisons that his now-being-served federal sentence run concurrently to his now-discharged state sentences are as follows:

1. At the time of sentencing on June 4, 2007, the Defendant was a few months short of his 32nd birthday, still a relatively young man.

14

2. His past criminal history, while serious and including some assaultive behavior, was clearly that of someone who has been a heavy polysubstance abuser from his pre-teen years up to the time of his arrest on the charge for which he received a mandatory minimum sentence of 120 months.

3. Defendant's advisory Sentencing Guideline Range was 108 to 135 months (net offense level of 29 with a criminal history of 3). Given the factors listed both above and below, the Court would have, in all likelihood, imposed a 108 month sentence, after considering all of the 18 U.S.C. § 3553(a) factors. Of course, the mandatory minimum sentence of 120 months did not allow the Court to do so.

4. Although his employment record was minimal and sporadic at best, when he worked, he had done so successfully with no complaints from his supervisors, even though, by his own admission, he often went to work under the influence of drugs and alcohol.

5. Although he is a high school graduate, he had struggled from first grade on with a learning disability, affecting his reading ability and the ability to comprehend that which he read. This was eminently "fixable" with services then existing in the community.

6. In short, Defendant's constellation of issues bringing him to court in the first instance, to wit: anger management issues, polysubstance abuse and a learning disability, were the substance of this Court's recommendations to the Bureau of Prisons at the time of sentencing, recommendations which included eligibility for and enrollment in the Bureau of Prisons 500-hour residential drug treatment program, anger management training and a psychological evaluation to determine the extent of the Defendant's learning disability and treatment seeking to successfully address same. Almost 34 years as a Judge of the Federal District Court has shown the undersigned that the Bureau of Prisons strives mightily to follow a sentencing judge's recommendations in all cases. Thus, this Court is comfortable that those issues would have been addressed within the prison setting.

7. Addressing the sentencing factors set forth in § 3553(a) of Title 18, this Court believes that the public's interest in safety, fair punishment (that which would promote respect for the law, without demeaning

the seriousness of the Defendant's offense), deterrence and rehabilitation, not to mention the imperative that unreasonable differences in sentencing should not exist between those imposed on defendants who have committed the same offense, with a criminal history similar to Defendant's, would be met by a concurrent sentence and, most assuredly, will not be further enhanced by requiring Defendant to serve an additional 910 days, the result should this Court recommend its sentence to run consecutively to the now-discharged state sentences (and should said recommendation be accepted by the Bureau of Prisons).

8. When this Court sentenced Defendant to the mandatory minimum of 120 months on June 4, 2007, he had been in custody since October 2, 2006, just a few days short of eight months, for which the Court assumed he would be given credit by the Bureau of Prisons against the sentence imposed. Assuming that a ten year or 120 month sentence would result in time actually served of between 104 and 105 months (with good time credit while in the custody of the Bureau of Prisons, after serving the first year of his sentence), now recommending the Court's sentence to run concurrently with the now-discharged state court sentences, will result in his being released on December 4, 2014, after serving (with presentence jail time and good time credit), eight years and two months, a difference of only some six to seven months less than originally contemplated by this Court. If, in fact, Defendant has made the decision to turn his life around and, more to the point, has acquired the tools within the prison system to do so, six to seven additional months will not have improved his chances of successful reintegration into his community upon release. Certainly, an additional 910 days will not have that result.

WHEREFORE, based upon all of the above, this Court recommends, strongly recommends, that the Defendant's 120-month sentence, imposed by this Court on June 4, 2007, run concurrently with his now-discharged state court sentences.

The Court would appreciate the Bureau of Prisons advising the undersigned as to any disposition made with regard to this Court's recommendation, by notifying the Court that said recommendation has either been accepted or rejected.

Date: February 3, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE